JEFFREY G. RANDALL (130811)
MICHAEL C. HENDERSHOT (211830)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, CA 94301
Tel: (650) 470-4500
Fax: (650) 470-4570
E-mail: jrandall@skadden.com
E-mail: mhenders@skadden.com

Attorneys for Plaintiff
Intel Corporation


STEPHEN E. TAYLOR (58452)
JAN J. KLOHONATZ (111718)
TAYLOR & COMPANY LAW OFFICES, INC.
One Ferry Building, Suite 355
San Francisco, CA 94111-4209
Tel: (415) 788-8200
Fax: (415) 788-8208
E-mail: staylor@tcolaw.com
E-mail: jklohonatz@tcolaw.com

Attorneys for Plaintiff
Dell, Inc.

ORIGINAL

FILED

MAY 09 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

E-filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTEL CORPORATION AND DELL, INC., | Case No. C05 01886 MJJ |
| Plaintiffs, | COMPLAINT FOR DECLARATORY JUDGMENT |
| v. | CERTIFICATION OF INTERESTED PARTIES |
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION, | DEMAND FOR JURY TRIAL |
| Defendant. | |

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO. _____

## COMPLAINT FOR DECLARATORY JUDGMENT

Pursuant to 28 U.S.C. §§ 2201 and 2202, Fed. R. Civ. P. 57 and the Patent Act, 35 U.S.C. §§ 1 et seq., Plaintiffs Intel Corporation ("Intel") and Dell, Inc. ("Dell") bring this action against Defendant Commonwealth Scientific and Industrial Research Organisation ("CSIRO") for a declaration that United States Patent No. 5,487,069 ("the '069 patent") is invalid and not infringed by either Intel or Dell. For their Complaint against Defendant CSIRO, Plaintiffs Intel and Dell allege as follows:

### THE PARTIES

1. Plaintiff Intel is a Delaware corporation having its principal place of business within this judicial district at 2200 Mission College Boulevard, Santa Clara, California 95052. Intel develops, manufactures, and sells a broad range of products, which are sold worldwide and in this judicial district.

2. Plaintiff Dell is a Delaware corporation having its principal place of business at One Dell Way, Round Rock, Texas 78682. Dell is an information-technology supplier, which sells a comprehensive portfolio of products, including computer systems, to customers worldwide and in this judicial district.

3. On information and belief, Defendant CSIRO has its principal place of business at Limestone Avenue, Campbell ACT 2612, Australia.

### JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant CSIRO has conducted substantial business within this District, is subject to personal jurisdiction within this District, and a substantial part of the events giving rise to this action occurred within this District.

## INTRADISTRICT ASSIGNMENT

6. Assignment to the San Jose Division of California is proper under Northern District Local Rule 3-5(b) because plaintiff Intel resides in Santa Clara, California, and a substantial part of the events giving rise to this action occurred in Santa Clara County.

## FACTUAL BACKGROUND

7. The '069 patent is entitled "Wireless LAN" and was issued by the United States Patent and Trademark Office on January 23, 1996. A true and correct copy of the '069 patent is attached as Exhibit 1.

8. CSIRO asserts that it owns and holds all right, title and interest in the '069 patent, that the '069 patent covers the Institute of Electrical and Electronics Engineers ("IEEE") 802.11a and 802.11g standards for wireless local area networks, and that Intel customers, including Dell, manufacture, use or sell products that implement or enable the implementation of such standards and thus infringe the '069 patent.

9. CSIRO has threatened legal action and accused Intel customers, including Dell, of infringing the '069 patent based, in part, on the manufacture, use or sale of products that incorporate Intel products.

10. CSIRO first contacted Dell on or about January 23, 2004. In a letter to Dell of the same date, Mr. Richard C. Hsu of the Palo Alto, California office of Townsend and Townsend and Crew LLP ("Townsend"), counsel for CSIRO, identified the '069 patent and asserted that "[t]he CSIRO patents cover the standards set by the IEEE for implementation of wireless networks complying with at least IEEE standards 802.11(a) and 802.11(g)." Mr. Hsu further stated that "[t]he IEEE is aware of our patents, and we have agreed with the IEEE that we will grant licenses under the patents on a reasonable, nondiscriminatory basis." Attached to the letter was a claim chart that purported to illustrate "how [the '069 patent] applies to IEEE 802.11a . . . and 802.11g standards." Also attached to the letter were "some representative materials regarding Dell's 802.11(a) and (g) wireless networking products." Mr. Hsu asserted that these materials showed "a need for a license under [the '069 patent]." In several discussions with Dell later in 2004 and in early 2005, Mr. Hsu, together with Mr. Robert Colwell of Townsend, and Mr. Denis Redfern of

CSIRO, reiterated the licensing demands. During this time period, on or about September 28, 2004, Mr. Robert Colwell of Townsend sent to Dell a formal offer under CSIRO's "Voluntary Licensing Program" to license the '069 patent to Dell, which offer expired on or about May 1, 2005 and after which "licenses ... will not be available."

11. As a result of CSIRO's threats and accusations of infringement, one or more Intel customers have asked Intel to defend and/or indemnify them against CSIRO's claims of patent infringement. There is a substantial risk that Intel may be obligated to defend or indemnify one or more Intel customers against CSIRO's infringement claims.

12. CSIRO has begun following through on its threats to other companies regarding 802.11a and 802.11g products. On February 2, 2005, CSIRO commenced an action for patent infringement against Buffalo Technology (USA), Inc., and Buffalo, Inc., in the United States District Court for the Eastern District of Texas, based on alleged infringement of the '069 patent.

13. Intel is under a reasonable apprehension that it will face suit for infringement by CSIRO, or otherwise be obligated to defend or indemnify one or more Intel customers against CSIRO's '069 patent infringement claims.

14. Dell is under a reasonable apprehension of suit for infringement by CSIRO based, *inter alia,* on CSIRO's direct threats.

15. An actual controversy exists between Intel/Dell and CSIRO regarding the noninfringement and invalidity of the '069 patent, and Intel and Dell are entitled to relief as requested.

### COUNT I

### DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '069 PATENT BY INTEL

16. Plaintiff Intel incorporates its allegations in Paragraphs 1-15 as if fully restated herein.

17. Intel does not infringe, either directly, indirectly or otherwise, any valid claim of the '069 patent.

# COUNT II

## DECLARATORY JUDGMENT OF
## NONINFRINGEMENT OF THE '069 PATENT BY DELL

18. Plaintiff Dell incorporates its allegations in Paragraphs 1-15 as if fully restated herein.

19. Dell does not infringe, either directly, indirectly or otherwise, any valid claim of the '069 patent.

# COUNT III

## DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '069 PATENT BY INTEL AND DELL

20. Plaintiffs Intel and Dell incorporate their allegations in Paragraphs 1-15 as if fully restated herein.

21. The '069 patent is invalid for failing to meet one or more of the requirements for patentability, including 35 U.S.C. §§ 102, 103 and 112.

## PRAYER FOR RELIEF

WHEREFORE, Intel and Dell request that the Court enter judgment in their favor against CSIRO as follows:

A. Declare that Intel has not infringed, and does not infringe, either directly, indirectly, or otherwise, any valid claim of the '069 patent;

B. Declare that Dell has not infringed, and does not infringe, either directly, indirectly, or otherwise, any valid claim of the '069 patent;

C. Declare the claims of the '069 patent invalid;

D. Declare this case exceptional and award Intel and Dell their reasonable attorney fees pursuant to 35 U.S.C. § 285;

E. Award Intel and Dell their costs and reasonable expenses; and

F. Grant Intel and Dell such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs Intel Corporation and Dell, Inc. demand a trial by jury of all matters to which they are entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## CERTIFICATION OF INTERESTED PARTIES PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L. R. 3-16, the undersigned certifies that the following listed persons, associations or persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- Hewlett-Packard Company;
- Apple Computer, Inc.;
- NETGEAR, Inc.;
- Buffalo Technology (USA), Inc.;
- Buffalo, Inc.;
- Microsoft Corporation;
- Broadcom Corporation;
- Atheros Communications, Inc.; and
- Conexant Systems, Inc.

Dated: May 9, 2005

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

_/s/ Jeffrey G. Randall_
Jeffrey G. Randall

Attorneys for Plaintiff
Intel Corporation

Dated: May 9, 2005

TAYLOR & COMPANY LAW OFFICES, INC.

_/s/ Stephen E. Taylor_
Stephen E. Taylor

Attorneys for Plaintiff
Dell, Inc.