**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| INTEL CORPORATION AND DELL, INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CASE NO. 6:06 CV 00551 LED |
| | § | |
| COMMONWEALTH SCIENTIFIC AND | § | Judge:  Hon. Leonard Davis |
| INDUSTRIAL RESEARCH | § | |
| ORGANISATION, | § | |
| _____ | § | |
| COMMONWEALTH SCIENTIFIC AND | § | |
| INDUSTRIAL RESEARCH | § | |
| ORGANISATION | § | |
| | § | |
| Counterclaimant, | § | |
| | § | |
| v. | § | |
| | § | |
| INTEL CORPORATION AND DELL, INC. | § | |
| | § | |
| Counterdefendant. | § | |

## DELL'S FIRST AMENDED REPLY TO CSIRO'S FIRST AMENDED COUNTERCLAIM

Plaintiff and Counterdefendant Dell Inc. ("Dell") answers Defendant and Counterclaim Commonwealth Scientific and Industrial Research Organisation's ("CSIRO") first amended counterclaim as follows:

### II. CSIRO'S COUNTERCLAIM

### PARTIES

24.     On information and belief, Dell admits that CSIRO has a principal place of business at Limestone Avenue, Campbell ACT 2612, Australia.  Except as specifically admitted, Dell lacks sufficient information to form a belief about the remaining allegations in Paragraph 24 and on that basis denies each and every remaining allegation.

25.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, denies these allegations.

26.     Dell admits the allegations of Paragraph 26.

## JURISDICTION AND VENUE

27.     Dell admits that jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a), and that venue is proper in the Eastern District of Texas, and that Dell admits that Dell has done business in this district.  Except as specifically admitted, Dell denies each and every allegation of Paragraph 27.

## FIRST COUNTERCLAIM

28.     Dell admits that U.S. Patent No. 5,487,069 ("the '069 patient") entitled, "Wireless LAN" issued on January 23, 1996.  Dell denies that the '069 patent was duly and legally issued. Except as specifically admitted, Dell lacks sufficient information to form a belief about the remaining allegations in Paragraph 28 and on that basis denies each and every remaining allegation.

29.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and, therefore, denies these allegations.

30.     Dell denies each and every allegation of Paragraph 30.

31.     Dell denies each and every allegation of Paragraph 31 that relates to Dell, and Dell is without knowledge or sufficient information to form a belief as to the truth of these allegations in Paragraph 31 as they relate to entities other than Dell.

32.     Dell denies each and every allegation of Paragraph 32 that relates to Dell, and Dell is without knowledge or sufficient information to form a belief as to the truth of these allegations in Paragraph 32 as they relate to entities other than Dell.

33.     Dell denies each and every allegation of Paragraph 33 that relates to Dell, and Dell is without knowledge or sufficient information to form a belief as to the truth of these allegations in Paragraph 33 as they relate to entities other than Dell.

34.     Based on the foregoing, CSIRO is not entitled to any relief from Dell.  Dell is without knowledge or sufficient information to form a belief as to the allegations of Paragraph 34 as they relate to entities other than Dell.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIM

### FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

35.     Dell does not infringe and has not infringed, either directly, indirectly or otherwise, any valid claim of the '069 patent.

### SECOND AFFIRMATIVE DEFENSE - INVALIDITY

36.     The '069 patent is invalid for failing to meet one or more of the requirements for patentability, including 35 U.S.C. §§ 102, 103 and 112.

### THIRD AFFIRMATIVE DEFENSE - ESTOPPEL

37.     CSIRO is estopped from alleging that wireless LAN components compliant with the IEEE 802.11a/g standards infringe any claims of the '069 patent, based on, but not limited to, statements made and actions taken before the U.S. Patent and Trademark Office by the '069 applicants and their attorneys to obtain issuance of the '069 patent.

## FOURTH AFFIRMATIVE DEFENSE – PATENT MISUSE

38.      The '069 patent is unenforceable for patent misuse, based on, but not limited to, CSIRO's continuing unlawful attempts to enforce the '069 patent, which CSIRO knows or should know is invalid, unenforceable and/or not infringed.

## FIFTH AFFIRMATIVE DEFENSE – EQUITABLE ESTOPPEL

39.      CSIRO's enforcement of the '069 patent is barred in its entirety by the doctrine of equitable estoppel, based on, but not limited to, CSIRO's failure to license the '069 patent on reasonable and non-discriminatory terms, despite prior assurances to the Institute of Electrical and Electronic Engineers (IEEE) during the consideration of the wireless standards at issue.

## SIXTH AFFIRMATIVE DEFENSE – UNCLEAN HANDS

40.      CSIRO's requested equitable relief on the '069 patent is barred in its entirety by doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE - LACHES

41.      CSIRO's requested relief on the '069 patent is barred or otherwise limited by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS

42.      CSIRO's requested relief is barred or otherwise limited pursuant to 35 U.S.C.§ 286.

## NINTH AFFIRMATIVE DEFENSE – FAILURE TO MARK

43.      CSIRO has failed to comply with the requirements of 35 U.S.C. § 287, based on, but not limited to, its failure to mark products covered by the claims of the '069 patent and/or its licensees' failure to mark products covered by the claims of the '069 patent.

## TENTH AFFIRMATIVE DEFENSE - COSTS

44.     CSIRO's requested relief is barred or otherwise limited pursuant to 35 U.S.C. § 288.

## ELEVENTH AFFIRMATIVE DEFENSE - EXHAUSTION

45.     CSIRO's requested relief is barred or otherwise limited based on exhaustion, the "first sale" doctrine and or restrictions on double recovery.

## TWELFTH AFFIRMATIVE DEFENSE - INEQUITABLE CONDUCT

46.     The '069 patent is unenforceable due to inequitable conduct committed during its prosecution. On information and belief, the named CSIRO inventors and or others substantively involved in the prosecution of the application leading to the '069 patent were aware of information material to the patentability of the claims of the '069 patent, and they withheld that information from the U.S. Patent and Trademark Office ("USPTO") with the intent to deceive the USPTO.  The withholding of material prior art with the intent to deceive the USPTO is a violation of the duty of disclosure under 37 C.F.R. § 1.56 and constitutes inequitable conduct.

47.     On January 10, 1994, CSIRO filed with the USPTO a declaration signed by all of the named inventors on the '069 patent—including Terence Percival and John O'Sullivan.  In this declaration, the inventors acknowledged their duty under 37 C.F.R. § 1.56 to disclose to the USPTO all information known to them to be material to patentability.

48.     On February 3, 1995, CSIRO filed with the USPTO an Information Disclosure Statement ("IDS") "in compliance with the duty of disclosure set forth in 37 C.F.R. 1.56." While this IDS disclosed certain prior art publications to the USPTO, it did not disclose two papers entitled "Wireless Systems at High Bit Rates — Technical Challenges" ("the Percival

-5-

paper") and "High-Speed Nondirective Optical Communications for Wireless Networks" ("the Barry paper").

49.     Despite the high materiality of the Percival and Barry papers and the written acknowledgment by the inventors and CSIRO of their duty to disclose material prior art, neither the Percival nor the Barry paper was disclosed to the USPTO during the prosecution.

50.     The Percival paper was co-authored by two of the CSIRO researchers named as inventors named on the '069 patent, Terence Percival and John O'Sullivan, and a third CSIRO author, Alan Young.  On information and belief, the Percival paper was published, distributed, and presented to members of the public on November 12, 1992, at the First International Workshop on Mobile and Personal Communications Systems held at the University of South Australia in Adelaide, Australia.  The Percival paper was a product of the CSIRO wireless LAN research that resulted in the '069 patent, as evidenced by the fact that every page of the paper bears the words "CSIRO Division of Radiophysics," and the "Acknowledgments" section of the paper states:

> The work presented here is a summary of the barriers and solutions to providing a high-speed WLAN system.  The work is a result of the discussions held over the last twelve months with a large number of colleagues in the CSIRO Institute of Information Science and Engineering and Macquarie University.

51.     Because the Percival paper was published more than one year prior to the actual filing date of the U.S. application leading to the '069 patent (*i.e.*, November 23, 1993), it is prior art to the '069 patent under 35 U.S.C. § 102(b) and/or 103(a).

52.     The Percival paper discloses all of the elements of several of the issued and originally-filed claims of the '069 patent, and it discloses most, if not all, of the elements of the

remaining issued and originally-filed claims.  Furthermore, no reference considered by the USPTO examiner during the prosecution of the '069 patent discloses as many of the elements of the issued and originally-filed claims as the Percival paper discloses.  For at least these reasons, the Percival paper is highly material to the patentability of both the issued and the originally-filed claims of '069 patent.

53.    The Barry paper was authored by John R. Barry, Joseph M. Kahn, Edward A. Lee, and David G. Messerschmitt.

54.    The Barry paper was indisputably known to the '069 patent inventors, as it was cited in the Percival paper, which, as discussed above in paragraph 50, was co-authored by two of the CSIRO researchers named as inventors on the '069 patent, Terence Percival and John O'Sullivan, and a third CSIRO author, Alan Young.  The Barry paper disclosed a wireless LAN using multicarrier modulation and was published in the November 1991 issue of IEEE Network Magazine, a printed publication widely disseminated to persons of ordinary skill in the relevant art.  Because the Barry paper was published more than one year prior to the actual filing date of the U.S. application leading to the '069 patent (*i.e.*, November 23, 1993), it is prior art to the '069 patent under 35 U.S.C. §§ 102(b) and/or 103(a).

55.    The Percival and Barry papers disclosed all the elements of multiple claims in the originally-filed '069 application.  The named CSIRO inventors and/or others substantively involved in the prosecution of the '069 patent knew or reasonably should have known that the Percival paper would have been important to the examiner in deciding whether to allow the claims.  In response to a prior art rejection the USPTO examiner entered against the originally-filed claims, CSIRO canceled the originally-filed claims and added new claims in an

Amendment filed on June 30, 1995.  In arguing for the patentability of the new claims, CSIRO asserted that the prior art cited by the USPTO examiner did not disclose several specific elements of the new claims.  However, all of the specific elements relied upon by CSIRO for its patentability arguments are disclosed by the Percival paper—a paper that two of the named inventors co-authored.  Moreover, the Barry paper disclosed several of the elements relied upon by CSIRO for its patentability.  For example, CSIRO argued that the references cited by the examiner did not "apply to a wireless LAN which may operate within a room of an office building or the like" and did not disclose the use of "modulation means," as that term was used in the '069 application.  Thus, the named CSIRO inventors and/or others substantively involved in the prosecution of the '069 patent knew or reasonably should have known that the Percival and Barry papers would have been important to the examiner in deciding whether to allow the claims.  This evidence amply demonstrates that the named CSIRO inventors and/or others substantively involved in the prosecution of the '069 patent acted with culpable intent to mislead or deceive the USPTO by withholding the inventors' own known prior art and by making arguments for patentability which could not have been made had the art been disclosed.

56.     Upon information and belief, the failure by the named CSIRO inventors and/or others substantively involved in the prosecution of the '069 patent to disclose the Percival and Barry papers to the USPTO examiner during the prosecution of the '069 patent was done with an intent to deceive the USPTO and constitutes a violation of the duty of disclosure under 37 C.F.R § 1.56, thereby rendering the '069 patent unenforceable due to inequitable conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE - ADEQUACY OF RELIEF

57.     CSIRO is not entitled to injunctive relief because any alleged injury to CSIRO is not immediate or irreparable, and because—had CSIRO been injured (which DELL denies)—it

would have an adequate remedy at law.  In particular, CSIRO does not make, use, sell, offer to sell or import any product or service that competes with any product made, used, sold, offered for sale, or imported by Dell.  Thus, CSIRO faces no immediate or irreparable injury as a result of Dell's ongoing sales of products that allegedly infringe the '069 patent.

## FOURTEENTH AFFIRMATIVE DEFENSE - RESERVATION OF ADDITIONAL DEFENSES

58.     Dell reserves the right to assert additional defenses that may be developed through discovery in this action.

Dated:  July 26, 2007

Respectfully submitted,

/s/ Daniel T. Conrad
Thomas R. Jackson, Esq.
Attorney-in-Charge
Texas State Bar No. 10496700
trjackson@jonesday.com
Daniel T. Conrad, Esq.
Texas State Bar No. 24026608
dtconrad@jonesday.com
Stacey Garrett White, Esq.
Texas State Bar No. 24053220
sgwhite@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone:  214-220-3939
Facsimile:  214-969-5100

ATTORNEYS FOR PLAINTIFF
AND COUNTERDEFENDANT DELL INC.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served today, July 26, 2007 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission, Federal Express and/or first class mail on this same date.

/s/ Daniel T. Conrad

DLI-6126223v1